(40 App. Div. 559.)

PEOPLE ex rel. STEWARD et al. v. BOARD OF RAILROAD COM'RS OF STATE OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. May 9, 1899.)

1. CERTIORARI—DECISION OF RAILROAD COMMISSIONERS.
    A decision of the board of railroad commissioners that public convenience and necessity required the construction of a railroad, and the issuance to it of a certificate reciting such facts, under Laws 1890, c. 565, is reviewable by certiorari.

2. RAILROADS — CERTIFICATE TO NEW CORPORATION — PUBLIC CONVENIENCE AND NECESSITY.
    Laws 1890, c. 565, provides that no railroad corporation shall exercise certain of its powers until the board of railway commissioners issues a certificate that public convenience and necessity require the construc-

tion of the road. The board issued its certificate to a road three miles long, connecting two points on a trunk line, and being practically a cut-off of such other road. Both roads had the same officers, and all the business the short line could do would be to take cars from the trunk line, and redeliver to it at another point. There was, aside from the business furnished by the trunk line, no local freight or passenger traffic. The affidavit of the president of the trunk line showed that such road was required for the economic conduct of his road, and the avowed purpose was to shorten the distance between the two points on the trunk line, and avoid grades, grade crossings, and curves on the trunk line. *Held*, that it was not such a public necessity and benefit as authorized the board to issue a certificate.

Merwin, J., dissenting.

Certiorari in the name of the people, on the relation of Mary Anna Steward and others, against the board of railway commissioners of the state of New York and others, to review the decision of said board. Reversed.

Argued before PARKER, P. J.; and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Taylor & Seymour (Howard A. Taylor, of counsel), for relators.

John C. Davies, Atty. Gen. (John C. Coyne, of counsel), for board of railroad commissioners.

George L. Brownell (Henry Bacon, of counsel), for Goshen R. Co.

HERRICK, J. If we treat the Goshen Railroad Company as an independent railroad corporation, in all respects separate and apart from the Erie Railroad Company, I can see no reason for its existence, and no public necessity or convenience to be met or subserved by it. It is less than three miles in length. There is no local traffic, either passenger or freight, to support or maintain it, and there is no pretense that it intends to do any local business; and, as an independent road, of course it is absurd to say that there is, apart from any other railroad, any through traffic to provide for. Of course, these considerations are not in all cases conclusive. A road may not expect any local traffic or any through traffic of its own, but yet may be the connecting link between other systems of roads from which it derives its business, and where it would serve as a convenience and necessity, as in the case of In re Depew & S. W. R. Co., 92 Hun, 409, 36 N. Y. Supp. 991. But that was a widely different case from the one before us. That road served as a connecting link between nine separate and distinct railroad corporations. To quote from the opinion of the court in that case:

"The convenience and necessity of a railroad from Depew to Blasdell is not questioned, and for the purpose of facilitating the transportation of freight, both east and west, between New York and Chicago, its importance is apparent. It will shorten the distance between those cities about six miles, and the time required in the transportation of freight about that number of hours, and will obviate the necessity and inconvenience of taking freight cars through the city of Buffalo to interchange with connecting roads. There are five railroads passing through Blasdell to be brought into more immediate or direct connection with four at Depew by the proposed line between those two places."

The Goshen Railroad serves no such purpose. It will take the cars of the Erie Railroad Company from the tracks of the Erie Rail-

road at one point, and deliver them back again to the Erie Railroad Company at another point, not quite three miles distant. The difference in distance between the two points over the tracks of the Erie Railroad as now laid, and over the proposed route of the Goshen Railroad, is about 3,000 feet. It cannot be considered as a tributary or feeder to the Erie road. It brings nothing to the Erie road except what it receives from it. It takes nothing from it except what it immediately returns to it. Instead of a feeder or tributary, it is rather a parasite. As a matter of fact, it is practically a switch of the Erie road, and the only office that it performs is that of a switch or additional track of the Erie Railroad Company; and I think that, under all the circumstances, it must be considered in conjunction with, and as a part of, the Erie Railroad. Its board of directors is composed of the officers of the Erie Railroad Company. Its president, who is likewise the president of the Erie Railroad Company, says, in an affidavit placed before the railroad commissioners, that:

"The construction of said railroad, as proposed, is required for the safe, economic, and proper conduct of the business of the railroads of the Erie Railroad System."

The expert of the railroad commissioners, in his report, says:

"This road is to be constructed by, or in the interest of, the Erie Railroad Company, in order to avoid the numerous grade crossings, excessive grades, and curvature on its present line. All freight trains are, at present, obliged to have the assistance of pushing engines through this village. It also saves one-half of a mile in distance. The road is in no way competitive."

Now while all these things sought to be accomplished, may be convenient and necessary, not only for the Erie Railroad Company, but even for the general public, still it does not follow that the certificate required by section 59 of the railroad law should be granted. The requirements of that section mean something more than that it is necessary and convenient to lay railroad tracks between two given points. If that was all that was meant, every time that the increasing business of a railroad company demanded the laying of an additional track, or the building of a turnout or switch, such necessity would be the justification for the organization of a railroad company to build such additional track, switch, or turnout, and the issuance to it of a certificate of public convenience and necessity. One of the reasons heretofore given for the enactment of the law that before a railroad corporation can exercise the power conferred upon such corporation, or begin the construction of its road, it must receive a certificate of public necessity and convenience, was to prevent the organization and operation of railroad corporations (among others) "by those seeking, by threats of destructive competition, to levy tribute upon existing roads." To that perhaps it is well to add, also, to prevent, or, rather, remove, the temptations to the officers of existing roads to build others that would be parasites upon existing roads, by doing the business for their own profit that should be done by and for the profit of such existing road, of which they are the officers. The good to be accomplished and the evils to be rectified by the erection of this road can be accomplished by the Erie Railroad itself, and that without the operation of a separate and distinct

*corporation.* By so doing, the provisions of section 13 will not be evaded, and no portion of its profits will be expended in carrying its traffic over the lines of another road between two points on its own line.

The decision of the railroad commissioners in granting the certificate is reviewable by certiorari. People v. Board of Railroad Com'rs, 158 N. Y. 421, 53 N. E. 163:

The order of the railroad commissioners should therefore be reversed. All concur, except MERWIN, J., dissenting, and LANDON, J., not voting.

MERWIN, J. I dissent. The railroad commissioners, after taking testimony and making a personal examination, reached the conclusion that public convenience and necessity require the construction of the applicant's railroad. I see no good reason for disturbing, in this proceeding, that conclusion. It is suggested that the rights of the municipal corporation of Goshen, or the rights of the Erie Railroad or its stockholders, may be injuriously affected. No issue is, however, presented by any of those parties. They are not here. It is doubtful whether the relators are in a position to review the determination of the commissioners. The statute does not require notice to be given to them of the hearing before the commissioners, and it is not apparent how their legal rights are affected by the action of the commissioners. If the proposed route is not right, the relators have a remedy by statute. So they have if the enterprise is not a public use within the meaning of the law. Code Civ. Proc. § 3360; In re Niagara Falls & W. Ry. Co., 108 N. Y. 375, 15 N. E. 429; In re Split Rock Cable-Road Co., 128 N. Y. 408, 28 N. E. 506.